UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>　　　Plaintiff,<br><br>　　　v.<br><br>JOHN DOE, subscriber assigned IP address 67.186.144.152,<br>　　　Defendant. | No. 3:18-cv-1509 (SRU) |

## RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Malibu Media, LLC ("Malibu Media"), an entertainment company that produces pornographic movies, initiated this copyright infringement action against defendant John Doe ("Doe") in which Malibu Media alleges that Doe "is a persistent online infringer of [Malibu Media's] copyrights." Am. Compl., Doc. No. 15-1 at ¶ 2.[1] Doe filed a Motion to Dismiss, arguing that Malibu Media failed to state a claim against him. *See* Mot. to Dism., Doc. No. 29. For the following reasons, Doe's Motion to Dismiss is **denied.**

**I.　Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable

---

[1] The unredacted Amended Complaint was filed under seal at Doc. No. 19. Citations to the Amended Complaint in this ruling will be to the publicly-available redacted version, which is attached to the Motion to Seal the Unredacted Complaint at Doc. No. 15-1, Ex. A at Doc. No. 15-2, and Ex. B at Doc. No. 15-3.

inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

## II.     Discussion

In this copyright action, Malibu Media alleges that it is the registered owner of eleven copyrights pertaining to pornographic movies that Doe illegally distributed. Am. Compl., Doc. No. 15-1 at ¶¶ 1-2; *see also* Ex. A to Am. Compl., Doc. No. 15-2; Ex. B. to Am. Compl., Doc. No. 15-3. Specifically, Malibu Media alleges that Doe used the BitTorrent file distribution network[2] to "download[], cop[y], and distribute[] a complete copy of [Malibu Media's] works

---

[2] "BitTorrent is a peer-to-peer file-sharing protocol that allows users to distribute and download data over the internet. The protocol provides a fast, efficient method to transfer large digital media files, like full-length movies, by breaking down the file into smaller pieces. Each piece is given a random and unique alphanumeric identifier known as a 'hash value.' A 'swarm,' or group, of participating computer users then work collaboratively, though anonymously, to download and distribute these pieces within the swarm. After an individual user has downloaded all of the necessary pieces from various members of the swarm, the BitTorrent software reassembles the file so that

2

without authorization." Am. Compl., Doc. No. 15-1 at ¶ 23. Doe has moved, pro se, to dismiss the Amended Complaint against him and argues that (1) Malibu Media alleges only legal conclusions without a sufficient factual basis, and (2) the evidence Malibu Media presented is insufficient to prove copyright infringement. *See* Mot. to Dism., Doc. No. 29.

Doe argues first that "the Amended Complaint contains merely 'threadbare' assertions and legal conclusions that infringement occurred, which fall below the standard required to survive a Motion to Dismiss for a BitTorrent copyright infringement lawsuit[.]" Mot. to Dism., Doc. No. 29 at 4. Specifically, Doe asserts that Malibu Media "fail[ed] to plead any facts that show that copyright infringement occurred, or that *this Defendant* actually made an unauthorized copy." *Id*. at 3 (emphasis in original). Malibu Media argues that it has pled a valid and cognizable claim for copyright infringement. *See* Opp. to Mot. to Dism., Doc. No. 30.

To state a claim for copyright infringement, a plaintiff must demonstrate two things: (1) ownership of a valid copyright; and (2) infringement of that copyright by the defendant. *See Malibu Media, LLC v. John Does 1-11* ("*John Does 1-11*"), 2013 WL 3732839, at *3 (S.D.N.Y. July 16, 2013); *see also American Broadcasting Companies, Inc. v. Flying J, Inc.,* 2007 WL 583176, at *4 (S.D.N.Y. Feb. 22, 2007). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain" statement of the claim at issue. Fed. R. Civ. P. 8(a). For purposes of a copyright infringement case, a plaintiff must allege: "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by

---

the user can view the entire film on his computer. The protocol also uses a 'tracker' function to trace the pieces of the file as they are transferred throughout the swarm…. This 'tracker' enables identification of the IP address of each of the users who were part of the swarm from which the media was downloaded." *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *1 (S.D.N.Y. July 16, 2013) (internal citation omitted).

what acts during what time the defendant infringed that copyright." *Therrien v. Martin*, 2007 WL 3102181, at *4 (D. Conn. Oct. 19, 2007) (internal citation and quotation marks omitted).

Here, Malibu Media sufficiently alleges that it is the copyright owner of the eleven works at issue. *See* Am. Compl., Doc. No. 15-1 at ¶ 3 ("Plaintiff is the registered owner of the copyrights set forth on Exhibit B."); *id.* at ¶ 19 ("Each digital media file as identified by the file hash listed on Exhibit A correlates to a copyrighted film owned by Plaintiff, as set forth on Exhibit B."); *id.* at ¶ 21 ("Each digital media file as identified by the file hash listed on Exhibit A has been verified to contain a digital copy of a movie that is identical … to Plaintiff's corresponding original copyrighted work listed on Exhibit B."); *see also* Ex. B to Am. Compl., Doc. No. 15-3 (providing registration number, date of first publication, and registration date for each of the eleven works at issue). Further, Malibu Media sufficiently alleges that Doe infringed those copyrights. Specifically, the Amended Complaint alleges that Malibu Media's investigator, IPP International UG, connected to Doe's IP address and downloaded one or more pieces of each of the eleven works listed in Exhibit A. Am. Compl. at ¶¶ 17-19. Moreover, the Amended Complaint alleges that the digital files received by the investigator from Doe's IP address were BitTorrent files and that Doe "us[ed] BitTorrent [to] cop[y] and distribute[] the constituent elements of each" of the eleven works, without Malibu Media's authorization, permission, or consent. *Id.* at ¶¶ 20-21, 30-31. Further, the "hit dates" establish a general time frame for the alleged infringement. *See* Ex. A to Am. Compl, Doc. No. 15-2 (establishing hit dates for file hashes between June 16, 2018 and September 16, 2018).

Malibu Media has provided sufficient detail regarding its ownership of valid copyrights, and the acts Doe took to allegedly infringe upon those copyrights. Accepting those factual allegations as true, as I must, Malibu Media's Amended Complaint sufficiently states a

4

cognizable claim for copyright infringement. *See, e.g., Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013) ("the Plaintiff has adequately pled a plausible claim of copyright infringement by providing sufficient detail as to the acts the John Doe Defendant took in infringing the copyright, including going to a torrent site; participating in a swarm; and copying a piece of the copyrighted work identified by a unique hash number"); *In re Malibu Media Copyright Infringement Litigation*, 2016 WL 926906, at *4 (N.D. Cal. Mar. 11, 2016) ("Malibu Media has pled that it received at least one piece of each allegedly infringed work from the defendants, and it has pled that defendants' conduct occurred persistently, rather than in an isolated event. At the Rule 12 stage, the complaint has pled facts that plausibly demonstrate that the subscribers identified in the complaints committed the alleged infringement."). Doe's argument that Malibu Media failed to establish that *he* infringed on its copyrights, but alleges only that his IP address was used is unavailing at this stage of litigation. *See* Mot. to Dism., Doc. No. 29 at 3. Courts have consistently "found copyright infringement claims to be sufficiently pled where the defendant was only identified by an IP address." *John Does 1-11*, 2013 WL 3732839, at *4 (collecting cases).

Further, Doe takes issue with the way in which Malibu Media conducted its investigation into the alleged copyright infringement. *See* Mot. to Dism., Doc. No. 29 at 4-7. Specifically, Doe asserts that Exhibit A, which purports to show the hash values of downloaded materials that match Malibu Media's copyrights, is merely "a snapshot of the alleged evidence … [and is] insufficient to establish that this Defendant made a complete copy of any of [Malibu Media's] copyrighted works, or even a substantial portion consisting of more than de minimis copyright infringement." *Id*. at 6-7. Malibu Media argues that its investigative methods are reliable and sufficient to identify Doe as an infringer. *See* Opp. to Mot. to Dism., Doc. No. 30. Courts have

5

determined that, at the Motion to Dismiss stage, it is enough for a plaintiff to plead that it received "at least one piece" of the copyrighted work. *See In re Malibu Media*, 2016 WL 926906, at *4; *see also Malibu Media LLC v. Gilvin*, 2014 WL 1260110, at *2 (N.D. Ind. Mar. 26, 2014) (Malibu Media's "allegations that its investigator connected to a computer associated with Defendant's internet account and was able to download *bits of Plaintiff's copyrighted movies* from it supports a plausible claim that Defendant infringed on Plaintiff's copyrighted works by copying and distributing portions of its movies" (emphasis added)). Accordingly, Malibu Media's allegations establish a plausible claim that Doe infringed upon its copyrights.

### III. Conclusion

For the foregoing reasons, Doe's Motion to Dismiss (Doc. No. 29) is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 29th day of August 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge